{¶ 92} I concur with the majority on all points but the fourteenth and sixteenth assignments of error.
 Post-Release Control {¶ 93} While I agree with the majority that the trial court erred in failing to advise Gooden that he would be subject to post-release control, I disagree with the majority's conclusion that the case should be remanded for resentencing. Under Woods v. Telb, 89 Ohio St.3d 504,513, 2000-Ohio-171, "a trial court must inform the offender at sentencing * * * that post-release control is part of the offender's sentence." Further, a defendant must be present when a sentence is imposed and a journal entry imposing post-release control does not satisfy the requirements of Crim.R. 43(A). Moreover, it is unfair to penalize a defendant for pointing out the court's error in failing to advise him of post-release controls by remanding the case for a complete resentencing. By doing so, the court punishes the defendant for exercising his right to appeal. See, State v. Hart, Cuyahoga App. No. 78170, 2001 Ohio App. Lexis 2428, Judge Kilbane concurring. Therefore, because the trial court failed to advise Gooden that post-release control was to be part of his sentence, post-release control should not become part of his sentence.
 {¶ 94} The Supreme Court held in Woods, supra, that the trial court must inform a defendant that post-release control sanctions are part of the sentence either at the sentencing hearing or at the time of the plea. However, Woods never answered the question as to the proper disposition of a case where the trial court fails to inform a defendant at the plea or sentencing that post-release control would be part of the sentence. Consequently, this court has rendered conflicting decisions on this issue. In State v. Williams, Cuyahoga App. No. 76816, 2000 Ohio App. LEXIS 5717, State v. Dillon, Cuyahoga App. No. 77847, 2000 Ohio App. LEXIS 5603, and State v. Wright, Cuyahoga App. No. 77748, 2000 Ohio App. LEXIS 4482, this court concluded that in accordance with Woods, failure to inform the defendant that the post-release control sanctions are part of the sentence warrants a remand for resentencing. In State v. Harris
(March 6, 2003), Cuyahoga App. No. 81677, this court remanded just for the limited purpose of advising the defendant of post-release control.
 {¶ 95} However, another line of cases from this court has interpreted Woods to reach a different conclusion. In State v. Smiley, Cuyahoga App. No. 79514, 2000-Ohio-3544, the court, following Woods, held that unless the court advises the defendant that he or she is subject to post-release control, post-release control sanctions do not become part of the sentence. See, also, State v. Colbert, Cuyahoga App. No. 80361, 2002-Ohio-6315; State v. Murphy, Cuyahoga App. No. 80460, 2002-Ohio-3452; State v. Newman, Cuyahoga App. No. 80034, 2002-Ohio-328;State v. Hart, Cuyahoga App. No. 78170, 2001 Ohio App. LEXIS 2428; Statev. Mickey, Cuyahoga App. No. 77889, 2001 Ohio App. LEXIS 1599; State v.Hyde, Cuyahoga App. No. 77592, 2001 Ohio App. LEXIS 81; State v.Morrissey, Cuyahoga App. No. 77179, 2000 Ohio App. LEXIS 5963.
 {¶ 96} Fortunately, the Ohio Supreme Court has certified a conflict on this issue and will settle the matter. See, State v. Finger
(2003), 98 Ohio St.3d 1535, 2003-Ohio-1946. Until then, I respectfully dissent.
 Habitual Sexual Offender {¶ 97} I also disagree with the majority's conclusion that because the trial court did not discuss on the record the evidence and the factors upon which it based its determination that Gooden should be classified as a habitual sexual offender, the case should be remanded for a complete sexual predator hearing. Under R.C. 2950.09(E), the court is not required to conduct a hearing before classifying a defendant a habitual sexual offender. Rather, R.C. 2950.09(E) simply requires that the trial judge determine, prior to sentencing, whether the offender has previously been convicted of at least one other sex offense. If the court finds the offender has been convicted of at least one other sex offense, then the court must find the offender a "habitual sex offender." The court has no discretion in making this finding and it is made automatically.
 {¶ 98} According to the transcript of the sentencing hearing and the presentence investigation report, Gooden was never previously convicted of a sex offense.[1] R.C. 2950.09(E) states, in part: "If the judge determines that the offender has not previously been convicted of or pleaded guilty to a sexually oriented offense, the judge shall specify in the offender's sentence that the judge has determined that the offender is not a habitual sexual offender." Because Gooden has never previously been convicted of a sexually oriented offense, he should not have been classified as a habitual sexual offender. Therefore, I would vacate the classification.
[1] Both the transcript and presentence report indicate he was convicted of corruption of a minor. (Tr. 502).